UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA KELLIER,

                         Petitioner,

-against-

WARDEN BRIAN McAULIFFE, Riverview Correctional Facility,

                        Respondent.

1:24-CV-8253 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated in the Riverview Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging what he describes as his July 25, 2024 conviction of "criminal contempt of court," but what seems to be his conviction of sexual abuse in the first degree, in the New York Supreme Court, New York County; he also seems to allege that he is currently serving a seven-year prison term, to be followed by a 10-year term of probation, in connection with that conviction. By order dated November 14, 2024, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP").[1] For the following reasons, the Court construes Petitioner's initial submission as a petition for writ of *habeas corpus* brought under 28 U.S.C. § 2254.

### DESIGNATION AS A SECTION 2254 HABEAS CORPUS PETITION

      If this action is to proceed, the petition must be construed as one seeking *habeas corpus* relief under Section 2254 because, in the petition, Petitioner seeks to challenge "the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or

---

[1] Following the Court's granting of Petitioner's IFP application, Petitioner filed numerous submissions in this action. (ECF 6-30.) This order addresses only Petitioner's initial submission – his original *habeas corpus* petition. The Court will not consider Petitioner's other submissions until Petitioner has complied with this order.

treaties of the United States." 28 U.S.C. § 2254. If Petitioner does not want to pursue relief under Section 2254, he must notify the Court in writing within 60 days that he wishes to withdraw this action. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003). Petitioner will have one opportunity within the applicable one-year limitations period for a full adjudication of his claims for Section 2254 *habeas corpus* relief.[2] *See* 28 U.S.C. § 2244(b)(3)(A) (a federal district court requires the authorization of the appropriate court of appeals before considering a second or successive Section 2254 *habeas corpus* petition); *see also* § 2244(b)(2)(A)-(B) (standard to be satisfied in order for a court of appeals to authorize a federal district court to consider a second or successive Section 2254 *habeas corpus* petition). If Petitioner does not inform the Court of his intent to withdraw this action within 60 days, his initial submission (his original petition in this action) will remain designated as a Section 2254 *habeas corpus* petition.

---

[2] The applicable one-year limitations period in which to bring a Section 2254 *habeas corpus* petition runs from the latest date of the four following situations:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing [a Section 2254 *habeas corpus* petition] created by State action in violation of the Constitution or laws of the United States is removed, if the [petitioner] was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" to bring a Section 2254 *habeas corpus* petition. § 2244(d)(2).

The Court notes that a Section 2254 *habeas corpus* petition must conform to the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). Rule 2(c) of those rules requires a Section 2254 *habeas corpus* petition to specify all of a petitioner's available grounds for Section 2254 *habeas corpus* relief, setting forth the facts supporting each of the specified grounds, and stating the relief requested. *See* Rule 2(c)(1)-(3) of the Section 2254 Rules. A Section 2254 *habeas corpus* petition must permit the court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.[3]

In addition, to pursue Section 2254 *habeas corpus* relief, a petitioner must be prepared to show that:

> (A) the [petitioner] has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the [petitioner].

28 U.S.C. § 2254(b)(1).

Accordingly, because Petitioner is proceeding *pro se* and may not have been aware of the abovementioned requirements for a Section 2254 *habeas corpus* petition, the Court grants him 60 days' leave to file an amended Section 2254 *habeas corpus* petition to address the issues of conformance with Rule 2(c) of the Section 2254 Rules, exhaustion of available state court remedies, and, if necessary, the applicable limitations period in which to bring a Section 2254 *habeas corpus* action. An amended Section 2254 *habeas corpus* petition form is attached to this

---

[3] Under Rule 4 of the Section 2254 Rules, service of a Section 2254 *habeas corpus* petition on a respondent does not occur with the issuance of a summons, and the United States Marshals Service does not carry out service of process in a Section 2254 *habeas corpus* action for those petitioners granted IFP status; following the court's examination of such a petition, if appropriate, the court orders the Clerk of Court to serve copies of the petition on the respondent, the state attorney general, and/or on another appropriate state officer.

order; Petitioner may complete, sign, and submit that form to amend his petition. Any amended petition filed by Petitioner will completely replace, not supplement, the original petition he filed. If Petitioner files an amended Section 2254 *habeas corpus* petition in response to this order, the Court will understand that Petitioner wishes to proceed with this action as a Section 2254 *habeas corpus* action.

## CONCLUSION

The Court hereby notifies Petitioner that the Court finds that his original *habeas corpus* petition, notwithstanding its designation, should be construed as a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. If Petitioner does not want to pursue relief under Section 2254, he must notify the Court in writing within 60 days of the date of this order that he wishes to withdraw this action. If Petitioner does not inform the Court of his intent to withdraw this action within 60 days, his original petition shall remain designated as a Section 2254 *habeas corpus* petition.

In addition, the Court grants Petitioner 60 days' leave to file an amended Section 2254 *habeas corpus* petition to address the issues listed above. An amended Section 2254 *habeas corpus* petition form is attached to the order. If Petitioner files an amended Section 2254 petition in response to this order, the Court will understand that Petitioner wishes to proceed with this action as a Section 2254 *habeas corpus* action.

No answer shall be required at this time.

Because Petitioner has not, at this time, made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court will not address, at this time, any motion, request, or other submission that Petitioner has filed in this action following the Court's granting of IFP status to Petitioner. (ECF 6-30.) *The Court strongly recommends that Petitioner focus on determining whether to*

*proceed with this action as a Section 2254 habeas corpus action and, if necessary, whether to file an amended Section 2254 petition, as discussed in this order, and not on filing any other motion, request, or submission not addressed in this order.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 16, 2025
          New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge