UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA KELLIER,

                Petitioner,

      -against-

WARDEN BRIAN AULIFFE,

                Respondent.

1:24-CV-8253 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    By order dated January 16, 2025, the Court construed Petitioner's original petition for a writ of *habeas corpus*, notwithstanding its designation, as a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254, and so notified Petitioner. (ECF 31.) In that same order, the Court granted Petitioner 60 days' leave to inform the Court, in writing, of his intent to withdraw this action. (*Id.*) The Court also warned Petitioner, in that same order, that if he did not inform the Court of his intent to withdraw within those 60 days, his original petition would remain designated as a Section 2254 *habeas corpus* petition. (*Id.*) The Court further granted Petitioner 60 days' leave to file an amended Section 2254 *habeas corpus* petition to address the issues discussed in that order, including the requirement to exhaust available state court remedies before seeking Section 2254 *habeas corpus* relief. (*Id.*)

    Thereafter, Petitioner filed numerous submissions, requests, and motions, including what appear to be an amended petition and a second amended petition. (ECF 44 & 47.) The Court regards Petitioner's second amended petition, in which Petitioner seeks *habeas corpus* relief under Section 2254 (ECF 47), as the operative pleading for this *habeas corpus* action.[1] The Court also understands that Petitioner is proceeding *pro se* and *in forma pauperis*.

---

[1] Petitioner has also filed, after he filed his second amended petition, numerous additional

For the reasons set forth below, the Court denies Petitioner's second amended petition and dismisses this action without prejudice.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review and deny a Section 2254 petition without ordering a responsive pleading from the State "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

In his second amended petition, Petitioner challenges his July 25, 2024 conviction in the New York Supreme Court, New York County, in which, he alleges, he was convicted of multiple counts of criminal offenses after a jury trial. Petitioner seems to allege that the trial court sentenced him to a seven-year prison term, to be followed by a 10-year probation term. Petitioner

---

submissions, requests, and motions.

also seems to allege that he has appealed his conviction in the New York Supreme Court, Appellate Division, First Department, but that there has been "no result." (ECF 47, at 2.) He further asserts that he has been "denied" his "right to appeal." (*Id.* at 5.)

## DISCUSSION

Petitioner has not shown, in his second amended petition, that he has exhausted his available state court remedies with respect to any grounds for Section 2254 *habeas corpus* relief. A state prisoner must exhaust all available state court remedies before filing a petition for a writ of *habeas corpus* under Section 2254. 28 U.S.C. § 2254(b)(1)(A); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with a petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* at 845. "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Att'y Gen.*, 696 F.2d 186, 191 (2d Cir. 1982)).

In order to exhaust available remedies within the courts of the State of New York for the purpose of federal *habeas corpus* review, a petitioner must directly appeal his judgment of conviction in the New York Supreme Court, Appellate Division. *See* N.Y. Crim. Proc. Law. §§ 460.10(1); 460.70. Should that court's decision adversely affect the petitioner, he should then seek leave to appeal from the New York Court of Appeals, the highest court in the State of New York. *See* N.Y. Crim. Proc. Law §§ 460.10(5); 460.20; *Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If a petitioner cannot assert grounds for *habeas corpus* relief in his direct appeal, he should raise such grounds in a motion filed in the trial court under Section 440.10 of the New York Criminal Procedure Law and/or in another type of state court post-conviction collateral

motion or application. If unsuccessful, the petitioner must then seek leave to appeal from the Appellate Division or, if appropriate, from the New York Court of Appeals. *See Green v. New York*, No. 14-CV-2073 (RJS) (KNF), 2016 WL 7338415, at *5 (S.D.N.Y. Dec. 19, 2016); *Ramos v. Walker*, 88 F. Supp. 2d 233, 234-35 (S.D.N.Y. 2000).

Petitioner seems to state that he has been denied his right to appeal in the Appellate Division because that court has returned to him at least some of the submissions that he has attempted to file in that court and has not responded to others. (ECF 47, at 5.) Appellate Division records indicate, however, that Petitioner's appeal of the abovementioned conviction – the one that Petitioner mentions in his second amended petition, that the Appellate Division has assigned the docket number 24-05177, and for which, he alleges, there has been "no result" (*id.* at 2) – is pending in the Appellate Division. Moreover, Petitioner affirmatively asserts, in his second amended petition, that he has not sought review from a higher state court (the New York Court of Appeals) (*id.*), and that he has not filed any other petitions, applications, or motions (such as a motion filed in the trial court under Section 440.10 of the New York Criminal Procedure Law and/or another type of state court post-conviction collateral motion or application) concerning his judgment of conviction (*id.* at 3). Thus, it seems clear that Petitioner has not exhausted his available state court remedies with respect to any grounds for Section 2254 *habeas corpus* relief. Accordingly, the Court denies Petitioner's second amended petition and dismisses this action without prejudice.

## CONCLUSION

The Court denies Petitioner's second amended petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2254, due to his failure to exhaust the available state court remedies, and dismisses this action without prejudice.

4

The Court denies all pending requests and motions as moot, and directs the Clerk of Court to terminate any motions pending on the docket of this action.

Because Petitioner has not, at this time, made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to a enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   June 30, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                            Chief United States District Judge