UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA KELLIER,

                      Petitioner,

            -against-

WARDEN BRIAN AULIFFE,

                      Respondent.

1:24-CV-8253 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated and entered on June 30, 2025, and by judgment dated and entered on July 1, 2025, the Court denied Petitioner's second amended petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2254, due to Petitioner's failure to exhaust available state court remedies, and dismissed this action without prejudice. (ECF 67 & 68.) In the Court's June 30, 2025 order, the Court specified that it would not issue a certificate of appealability because Petitioner had not, at that time, made a substantial showing of the denial of a constitutional right. (ECF 67, at 5.) In that order, and in the accompanying judgment, the Court also certified, under 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith. (ECF 67, at 5; ECF 68.) The Court further ruled, in that order, that *in forma pauperis* ("IFP") status was denied for the purpose of an appeal. (ECF 67, at 5.)

      On July 28, 2025, the Court received from Petitioner, who appears *pro se* and is incarcerated, currently within the Cape Vincent Correctional Facility, an "application for certificate of appealability pursuant to 28 U.S.C. § 2253," which was dated July 21, 2025, and which was contained in an envelope postmarked July 22, 2025. (ECF 70.) Because the Court had already denied Petitioner a certificate of appealability, the Court construed that submission as a notice of appeal, and the appeal of this action was processed accordingly.

On August 5, 2025, the Court received from Petitioner another notice of appeal, a motion for leave to proceed IFP on appeal, and an application to appeal IFP. (ECF 71.) The notice of appeal and motion were dated July 26, 2025, and all three of those submissions were contained in an envelope postmarked July 30, 2025. (*Id.*)

Also, on August 5, 2025, the Court received from Petitioner a motion for reconsideration, brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") and under Local Civil Rule 6.3; that motion is dated July 22, 2025, and July 25, 2025. (ECF 72 & 73.)

As discussed in this order, the Court regards Petitioner's "application for certificate of appealability pursuant to 28 U.S.C. § 2253" (ECF 70) as a timely filed original notice of appeal. The Court understands Petitioner's second notice of appeal as a timely filed amended notice of appeal. (ECF 71.) In addition, the Court understands Petitioner's pending motion for reconsideration (ECF 72 & 73) as a motion to alter or amend judgment, brought under Rule 59(e), and for reconsideration relief, brought under Local Civil Rule 6.3. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). For the reasons set forth below, the Court denies that motion, his motion for leave to proceed IFP on appeal, and his application to appeal IFP.

## DISCUSSION

A. **Construed original notice of appeal**

Petitioner's "application for certification of appealability" (ECF 70) is not captioned as a notice of appeal, but "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant

2

attaches to a [submission] and recharacterize the [submission] in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). Among the reasons that courts do this is "to avoid inappropriately stringent application of formal labeling requirements[] or to create a better correspondence between the substance of a *pro se* [submission's] claim and its underlying legal basis." *Id.* at 381-82 (citations omitted).

Under Rule 3 of the Federal Rules of Appellate Procedure ("Rule 3"), a notice of appeal must (1) "specify the party or parties taking the appeal by naming each one in the caption or body of the notice," (2) "designate the judgment—or the appealable order—from which the appeal is taken," and (3) "name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1)(A)-(C). The Supreme Court of the United States has instructed courts to "construe Rule 3 liberally when determining whether it has been complied with, [but] noncompliance is fatal to an appeal." *Smith v. Barry*, 502 U.S. 244, 248 (1992). "Thus, when papers are technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* (internal quotation marks and citation omitted, alteration in original); *see also* Fed. R. App. P. 3(c)(7) ("An appeal must not be dismissed for informality of form or title of the notice of appeal, for failure to name a party whose intent to appeal is otherwise clear from the notice, or for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment."). Moreover, federal courts "take 'a liberal view of papers filed by indigent and incarcerated [litigants], as equivalents of notices of appeal.'" *Barrett v. United States*, 105 F.3d 793, 795 (2d Cir. 1996) (quoting *Coppedge v. United States*, 369 U.S. 438, 442 n.5 (1962)).

Under Rule 4 of the Federal Rules of Appellate Procedure ("Rule 4"), a notice of appeal in a civil action must be filed within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). But "[i]f a document filed within the time specified by Rule 4 gives the notice required by Rule 3," that is, it "specifically indicate[s] the litigant's intent to seek appellate review [and, therefore,] . . . provides sufficient notice to other parties and the courts [of the litigant's intent,] . . . . it is effective as a notice of appeal." *Smith*, 502 U.S at 248-49; *see Barrett*, 105 F.3d at 795 ("A pro se party's filing will suffice as a notice of appeal so long as it 'evinces an intent to appeal an order or judgment of the district court and [the] appellee has not been prejudiced or misled by the notice.'") (citation omitted).

The civil judgment dismissing this action was entered on July 1, 2025. (ECF 68.) Thus, under Rule 4(a)(1)(A), Petitioner had 30 days from that date, or until July 31, 2025, to file a timely notice of appeal. The Court received Petitioner's "application for certificate of appealability pursuant to 28 U.S.C. § 2253" (ECF 70) on July 28, 2025, before the period to file a timely notice of appeal expired. In addition, that submission: (1) specifies the party desiring to take an appeal by naming both parties in its caption and identifying Petitioner and his intent to appeal within its body; (2) designates the judgment—or the appealable order—from which the appeal is taken (the Court's June 30, 2025 order); and (3) names the court to which the appeal is to be taken (United States Court of Appeals for the Second Circuit). (*See id.*) Thus, it would appear that, with only a small degree of liberal construction, that submission complies with Rule 3(c)(1)(A)-(C), and can be construed as a notice of appeal.

Accordingly, Petitioner's "application for certification of appealability pursuant to 28 U.S.C. § 2253" (*id.*) is regarded as Petitioner's timely filed original notice of appeal. The Court regards Petitioner's subsequent notice of appeal, which is dated July 26, 2025, and which was

4

received by the court on August 5, 2025, in an envelope mailed from the Riverview Correctional Facility that had been postmarked on July 30, 2025 (ECF 71), as a timely filed amended notice of appeal.[1]

**B.   Jurisdiction**

Because Petitioner has filed both an original notice of appeal and an amended notice of appeal, the Court must address whether it has jurisdiction to consider his motion for relief under Rule 59(e) and under Local Civil Rule 6.3. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). If a party files a notice of appeal before the district court disposes of a timely filed Rule 59(e) motion, however, then the notice of appeal does not become "effective" until after the district court rules on that motion. Fed. R. App. P. 4(a)(4)(B)(i); *see* Fed. R. App. P. 4(a)(4)(A)(iv); *see also* Fed. R. Civ. P. 59(e) (Rule 59(e) motion must be filed within 28 days of the date of the entry of judgment).

Here, the Clerk of Court entered the judgment on July 1, 2025. (ECF 68.) Petitioner, therefore, had 28 days thereafter, or until July 29, 2025, to file a motion seeking relief under Rule 59(e) and Local Civil Rule 6.3. *See* Fed. R. Civ. P. 59(e); Local Civil Rule 6.3 (adopting Rule 59's period in which to file). Though Petitioner's motion seeking such relief was received by the

---

[1] Under the so-called "prison mailbox rule," a *pro se* prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *see also Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." (citing cases)); *Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison-mailbox rule).

court on August 5, 2025, it appears that Petitioner gave it to his prison's officials for its mailing to the court before July 29, 2025, as it is dated July 22, 2025, and July 25, 2025. (ECF 72 & 73.) Thus, it would appear that Petitioner filed that motion, from his prison, within the abovementioned 28-day period. *See supra* note 1. Accordingly, the Court has jurisdiction to consider that motion. Fed. R. App. P. 4(a)(4)(B)(i); *see* Fed. R. App. P. 4(a)(4)(A)(iv).

**C.     Relief under Rule 59(e) and Local Civil Rule 6.3**

The Court must deny Petitioner's motion seeking relief under Rule 59(e) and under Local Civil Rule 6.3. A party who seeks such relief must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The standard governing Rule 59(e) and Local Civil Rule 6.3 motions are the same. *Id.* at 508. "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which . . . [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." (internal quotation and citations omitted)).

Petitioner has not shown that the Court has overlooked controlling law or factual matters with respect to the dismissal of this action without prejudice due to Petitioner's failure to exhaust available state court remedies. The Court therefore denies Petitioner relief under Rule 59(e) and Local Civil Rule 6.3.

**D.    IFP on appeal**

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In the Court's June 30, 2025 order and July 1, 2025 judgment, the Court certified, under Section 1915(a)(3), "that any appeal from [that] order [and judgment] would not be taken in good faith" (ECF 67, at 5; ECF 68), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's abovementioned order and judgment would not be taken in good faith, the Court denies Plaintiff's motion for leave to proceed IFP on appeal and his application to appeal IFP. (ECF 71.) Petitioner must seek leave to appeal IFP from the Second Circuit.

## CONCLUSION

The Court regards Petitioner's "application for certificate of appealability pursuant to 28 U.S.C. § 2253" (ECF 70) as a timely filed original notice of appeal. The Court understands Petitioner's second notice of appeal as a timely filed amended notice of appeal. (ECF 71.) In addition, the Court understands Petitioner's pending motion for reconsideration (ECF 72 & 73) as a timely filed motion to alter or amend judgment, brought under Rule 59(e), and for reconsideration relief, brought under Local Civil Rule 6.3. The Court denies that motion (*id.*), his motion for leave to proceed IFP on appeal (ECF 71), and his application to appeal IFP (*id.*). The Court directs the Clerk of Court to terminate ECF 73.

Because the second amended petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge*, 369 U.S. at 444-45.

SO ORDERED.

Dated:   August 29, 2025
          New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                Chief United States District Judge